UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:18-cr-0254-JPH-MJD |
| | ) | |
| BRANDON BYRD, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

### REPORT AND RECOMMENDATION

On August 27, 2021, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on August 17, 2021.  Defendant Byrd appeared in person with his appointed counsel Michael Donahoe.  The government appeared by Pamela Domash, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Troy Adamson.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.     The Court advised Defendant Byrd of his rights and provided him with a copy of the petition.  Defendant Byrd orally waived his right to a preliminary hearing.

2.     After being placed under oath, Defendant Byrd admitted violation numbers 2, 3, and 6. [Docket No. 65.]   Government orally moved to withdraw the remaining violations 1, 4, and 5, which motion was granted by the Court.

3.     The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 2 | **"You must refrain from any unlawful use of a controlled substance."** |
| | As previously reported to the Court, on July 15, 2020, March 4, and July 19, 2021, the offender submitted urine specimens which tested positive for cocaine. He admitted using cocaine prior to each test. On June 24, and August 25, 2020, the offender submitted urine specimens which tested positive for cocaine and amphetamines. On the June 24, 2021, test he admitted using both substances. On the August 25, 2020, sample, he admitted using cocaine, but denied the use of any other substance. His sample was sent to Alere Laboratory where it was confirmed positive for both cocaine and methamphetamine. |
| 3 | **"You shall participate in a cognitive behavioral program, such as Moral Reconation Therapy (MRT), at the direction of the probation officer and abide by the rules of the program."** |
| | On April 8, 2021, the Court modified Mr. Byrd's conditions of supervision to include participation in a MRT program. This officer has provided the contact information on multiple occasions, but he has not made any attempt to begin the program. On August 10, 2021, the MRT coordinator officially discharged him. |
| 6 | **"You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician"** |
| | In March 2021, Mr. Byrd stopped attending Eskenazi Mental Health sessions as he felt they were not helping him. His drug treatment therapist referred him to Gallahue for his ongoing mental health issues as they agreed that would be a better alternative. Mr. Byrd never reported to Gallahue, and he is not actively involved in a mental health treatment program. |

4. The parties stipulated that:

    (a) The highest grade of violation is a Grade B violation.

    (b) Defendant's criminal history category is III.

    (c) The range of imprisonment applicable upon revocation of supervised release is 8 to 14 months imprisonment.

5. The government recommended a sentence of twelve (12) months with no supervised release to follow. Defendant's counsel argued for a sentence of twelve (12) months and one (1) day with no supervised release to follow. Defendant requested placement at FCI Terre Haute, satellite camp. Defendant also requests a recommendation of placement in a mental health/substance abuse treatment program.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition (2, 3, 6), that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of twelve (12) months and one (1) day with no supervised release to follow. The Magistrate Judge recommends placement at FCI Terre Haute, satellite camp with mental health/substance abuse treatment. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Date: 8/27/2021

*Paul R. Cherry*
Paul R. Cherry
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system